PEDRO ESCUDERO, peticionario, *v.* CORTE DE DISTRITO DE ARECIBO, HON. ANTONIO LENS CUENA, JUEZ, demandada; MANATÍ PACKING COMPANY, interventora.

Núm. 1799.—*Sometido:* Mayo 12, 1949. *Resuelto:* Mayo 26, 1949.

*Diego E. Ramos,* abogado del peticionario; *James R. Beverley, José López Baralt* e *Iván Reichard,* abogados de la interventora, demandante en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

La cuestión a resolver en este recurso es si a la acción de desahucio concedida por el artículo 1477 del Código Civil(¹) se aplica aquella parte del artículo 12–B de la Ley de Alquileres Razonables, según fué enmendado por la Ley núm. 24 de 21 de agosto de 1948 (6ta., 7ma. y 8va. Ses. Extraor., 1948, (pág. 239))(²) que exige como una condición precedente a la interposición de la demanda de desahucio, que se notifique al inquilino la intención de recobrar la propiedad con no menos de seis meses de antelación.

El peticionario trabajaba en la Manatí Packing Company mediante un contrato de servicios por precio de $30 semanales. Por razón de dicho contrato, el peticionario ocupaba, como vivienda, una casa de su principal sin pagar canon alguno. El peticionario fué despedido de su empleo y habiendo rehusado dejar la casa a la libre disposición de su principal de modo que pudiese ser ocupada por su sucesor en el empleo, el principal instó demanda de desahucio en la corte inferior, basándose en el artículo 1477 del Código Civil. El demandado aceptó las alegaciones de la demanda, pero alegó

(¹)El artículo 1477 del Código Civil prescribe:

"La despedida de los empleados de labranza, menestrales, artesanos y demás trabajadores asalariados a que se refieren los artículos anteriores, da derecho para desposeerlos de toda herramienta y edificios que ocuparen por razón del contrato."

(²)El artículo 12–B, según enmendado, prescribe, en lo pertinente:

"En cualquier otro caso en que pueda promoverse la acción de desahucio bajo legislación insular o federal, el demandante no podrá radicar su demanda hasta después de haber notificado por escrito de modo fehaciente al inquilino su intención de recobrar la propiedad con no menos de seis meses de antelación a la fecha de la presentación de la demanda de desahucio."

que la corte carecía de jurisdicción para conocer del caso por no habérsele notificado con seis meses de anticipación el propósito de recobrar la posesión del local, de conformidad con el artículo 12–B de la Ley de Alquileres Razonables. La corte decretó el desahucio del demandado quien radicó la petición de *certiorari* que nos ocupa.

■■ Tratándose de una cuestión que se suscita por primera vez en esta jurisdicción, expedimos el auto. Este caso no cae dentro del ámbito de la Ley de Alquileres Razonables. Esta es una legislación de emergencia, aplicable exclusivamente a propiedades en el mercado de alquileres. Su fin primordial es proteger al inquilino contra aquellos arrendadores que valiéndose de la escasez de viviendas, aumentan la renta irrazonablemente o recurren a diversas prácticas de especulación. Mas en el presente caso no se trata de un local que se halle en el mercado de alquileres. El peticionario lo ocupaba como un incidente de su empleo y al cesar lo principal, es decir, el contrato de servicios, con lo principal cesó lo accesorio, que era la ocupación de la vivienda. El caso es el mismo del sirviente doméstico que por razón de su empleo recibe alojamiento en la casa de su principal. Despedido el sirviente debe desalojar el local que ocupa de la propiedad de su principal para que éste pueda alojar al sucesor.

*Procede anular el auto expedido y devolver el caso a la corte inferior para ulteriores procedimientos consistentes con esta opinión.*